ORIGINAL
FILED
JUL 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Nicholas J Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA 90036
T: (323) 988-2400; F: (866) 802-0021
Attorneys for Plaintiff,

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

ADR E-filing

| | |
|---|---|
| CHRISTOPHER HOPKINS<br><br>Plaintiff,<br><br>vs<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>Defendant. | Case No.: C08-03389 WHA<br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

COMES NOW the Plaintiff, CHRISTOPHER HOPKINS ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, alleges and affirmatively states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who

1  refrain from using abusive debt collection practices are not competitively disadvantaged, and to
2  promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C.
3  1692(a) – (e))

4      2.     The California legislature has determined that the banking and credit system and
5  grantors of credit to consumers are dependent upon the collection of just and owing debts and
6  that unfair or deceptive collection practices undermine the public confidence that is essential to
7  the continued functioning of the banking and credit system and sound extensions of credit to
8  consumers. The Legislature has further determined that there is a need to ensure that debt
9  collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights
10  and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.
11  (Cal. Civ. Code §1788.1(a) – (b)).

12      3.     Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions
13  of PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant") with regard to
14  attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly
15  owed by Plaintiff, and this conduct caused Plaintiff damages.

16      4.     For the purposes of this Petition, unless otherwise indicated, "Defendant"
17  includes all agents, employees, officers, members, directors, heirs, successors, assigns,
18  principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this
19  caption.

20  **JURISDICTION AND VENUE**

21      5.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that
22  such actions may be brought and heard before "any appropriate United States district court
23  without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental
24  jurisdiction over the state claims contained therein.
25

6. Because Defendant conducts business in the state of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Oakley, County of Contra Costa, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Norfolk, County of Norfolk, State of Virginia.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

## FACTUAL ALLEGATIONS

14. Sometime in 1996, Plaintiff opened a credit card account with Visa.

15. Plaintiff has not made a payment upon the account since 1996.

16. Defendant began placing continuous collection calls to Plaintiff demanding payment of the alleged debt owed.

17. Defendant has called Plaintiff nearly every day seeking and demanding payment of the alleged debt.

18. On or about May 9, 2008, Plaintiff retained KROHN & MOSS, LTD., to be his legal representation in the present matter.

19. On May 9, Plaintiff's counsel sent written notice to Defendant of Plaintiff's retention of legal counsel and provided contact info for said attorneys. (See Exhibit A).

20. From May 10, 2008 through May 25, 2008 Defendant failed to adhere to the notice of Plaintiff's legal representation by continuing to place collection calls nearly everyday to Plaintiff (See Exhibit B).

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

22. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a) Defendant violated the FDCPA §1692e(11) when Defendant, through its agents, employees and legal counsel, continued to directly contact Plaintiff via collection calls after having received written notice of Plaintiff's legal representation.

b). Defendant violated the FDCPA §1692d(5) when Defendant, through its agents, employees and legal counsel, placed excessive amounts of collection calls to Plaintiff and cause his phone to ring excessively so as to annoy and harass him.

23. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety, and humiliation. (See Exhibit C).

## COUNT II

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

24. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

25. Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the RFDCPA § 1788.14(c) when Defendant communicated with the Plaintiff after receiving written notice of Plaintiff's counsel.

b). Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents and employees, excessively placed so many calls to Plaintiff as to be unreasonable and to constitute harassment to the Plaintiff.

c). Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

26. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from stress, anxiety and humiliation. (See Exhibit C)

///

///

///

VERIFIED COMPLAINT

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

27. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

28. Actual damages.

29. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

30. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

31. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

32. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: July 9, 2008  KROHN & MOSS, LTD.

By: /s/

Nicholas J. Bontrager
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER HOPKINS, hereby demands trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, CHRISTOPHER HOPKINS, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C § 1746(2), I, CHRISTOPHER HOPKINS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/8/08

_____
CHRISTOPHER HOPKINS,
Plaintiff

- 7 -

VERIFIED COMPLAINT

# EXHIBIT A

# Krohn & Moss, Ltd.

*(Arizona, California, Florida, Illinois, Indiana, Minnesota, Missouri, Nevada, Ohio, Wisconsin, Washington, DC)*

5055 Wilshire Blvd Suite 300
Los Angeles, CA. 90036
www.krohnandmoss.com

Writer's Direct Number
(323) 988-2400 Ext. 222
Writer's Direct Facsimile
(866) 431-5575
Writer's Direct E-Mail
akrohn@consumerlawcenter.com

Writer licensed to practice
only in:
Illinois
Missouri
Wisconsin (inactive)

May 9, 2008

VIA FACSIMILE (757) 321-2504
Confirmed by US Mail

Portfolio Recovery Associates LLC
Riverside Commerce Center,
120 Corporate Blvd.
Norfolk, VA 23502

      Re:    *Christopher Hopkins v. Portfolio Recovery Associates LLC*
             Our File No : FD071C08PA

To Whom It May Concern:

    I am writing on behalf of Christopher Hopkins to make formal demand for damages due to the following violations of the Fair Debt Collections Practices Act ("FDCPA") ("you" and "your" below refers to your company and all culpable personnel) Specifically you violated the FDCPA by:

1. Harassing my client with an excessive number of calls despite his demands to stop calling;
2. Calling repeatedly with intent to annoy, abuse, and harass my client;
3. Attempting to collect a debt that is over ten years old; thus beyond the four year statue of limitation for California;
4. Communicating to any person credit information which is known to be false, including the failure to communicate that a disputed debt is disputed;
5. Failing to provide the notice required to validate the debt;
6. Failing to provide the entire warning required that, the debt collector is attempting to collect a debt and that any information obtained would be used for that purpose only, on numerous calls to my client See *Foti v. NCO Financial Systems, Inc.*, 424 F Supp.2d 643, 653 (S.D.N.Y. 2006) (citing 15 U.S.C. §1692g).

    The above is not intended to be a complete list of violations you have already committed but only the results of our initial investigation into this matter. Please be advised that, if this matter should proceed to court, my clients would have the right to bring suit in federal court, you would be required to

Page 2                                                                 May 9, 2008

pay their attorneys fees, and you would be subject to an award for statutory and/or actual damages. In addition, you are subject to possible emotional damages due to your violations. See *Smith v. Law Office of Mitchell N. Kay* 124 B.R. 182, 185 (1990)

      Contact me immediately if you wish to settle this matter prior to litigation. If you chose to ignore this letter, then we will have no choice but to pursue my client's claims in court. Be advised that this is not an idle warning. The Consumer Law Center has handled over 30,000 consumer cases, many of which have been filed in state and federal courts across the country since our firm's inception in 1995.

Sincerely,

Adam J. Krohn
Attorney at Law

AJK/adw

From: Fax.com Email to Fax [reports@fax.com]
Sent: Friday, May 09, 2008 4:44 PM
To: Kim, Julie
Subject: Fax Confirmation - OK

Your fax to an unknown recipient at fax number 7573212504 succeeded.

FSID: 60628214

Attempts made: 1
Pages delivered: 2
Minutes spent delivering this fax: 0.6
The baud rate was: 0000

The following are the attempts made and the results that occurred:
05/09/2008 - 16:42:41 - 0( Success )


Documents being delivered:
1   Demand Letter.doc

**EXHIBIT B**

VERIFIED COMPLAINT





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT C**

VERIFIED COMPLAINT

## DEBT COLLECTION DAMAGES SUFFERED

"Damages" are an element of your case which must be established. This form will help us determine and assess what is known as "actual damages". *Please be honest* in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you are likely to recover for those damages. These answers, however, will affect *additional damages*.

Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?

1. Sleeplessness — YES **NO**
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — YES **NO**
13. Headache, nausea, chronic pain or fatigue — YES **NO**
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/7/08

Signed Name: [signature]

Printed Name: Christopher S. Hopkins